THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
8                       AT SEATTLE

9   | LOGAN POLLY, | CASE NO. C20-1432-JCC |
10  | Plaintiff, | ORDER |
11  | v. | |
12  | E&E FOODS, *et al.*, | |
13  | Defendants. | |
14

15       This matter comes before the Court on Plaintiff's motion for partial summary judgment

16  (Dkt. No. 6) and Defendants E&E Foods and F/V Beagle LLC's ("Defendants") cross-motion for

17  partial summary judgment (Dkt. No. 9).[1] Having considered the parties' briefing and the relevant

18  record, and finding oral argument unnecessary, the Court hereby DENIES Plaintiff's motion

19  (Dkt. No. 6) and GRANTS Defendants' cross-motion (Dkt. No. 9) for the reasons explained

20  herein.

21  **I.      BACKGROUND**

22       Defendant E&E Foods hired Plaintiff to work the 2019 salmon season as a seafood

23

24       [1] Defendants also ask the Court to strike Plaintiff's reference to the Cape Greig as a
    "slave ship." (Dkt. No. 16 at 2.) Such inflammatory assertions, without evidentiary support,
25  particularly in light of the ongoing Black Lives Matter movement, have no place in this Court.
    While the Court declines to strike the statement in this instance, counsel is cautioned regarding
26  continued use of such inflammatory rhetoric.

ORDER
C20-1432-JCC
PAGE - 1

1  processor aboard Defendants' processing vessel. (Dkt. No. 11-9 at 1–2.) Undisputed terms of the

2  arrangement include the following: Plaintiff would be paid an hourly base wage and time and a

3  half for hours worked over 8 per day and 40 per week. Plaintiff would also reside on the vessel

4  during the season—with room and board provided at Defendants' expense—and be scheduled

5  for 16-hour daily shifts. (Dkt. Nos. 1 at 4, 6 at 1–2, 9 at 5.) Defendants had a "no fish, no pay"

6  policy, meaning when there were no fish for Plaintiff to process, he would not be paid, even if he

7  were otherwise scheduled to work during that time. (*Id.*) At issue in the instant motions is

8  whether Defendant's "no fish, no pay" policy complies with the Fair Labor Standards Act

9  ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Washington's Minimum Wage Act ("MWA"), Wash.

10  Rev. Code. § 49.46.005 *et seq*. Plaintiff, who was not paid for the time he spent on-call during

11  the 2019 season, moves for summary judgment on his unpaid wage claims. (Dkt. No. 6.)

12  Defendants, who oppose, also cross-move solely on Plaintiff's MWA wage claim. (Dkt. No. 9.)[2]

13  **II.     DISCUSSION**

14        **A.     Legal Standard**

15        In general, the Court will "grant summary judgment if the movant shows that there is no

16  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

17  law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the

18  governing law," and a dispute of fact is genuine if "the evidence is such that a reasonable jury

19  could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

20  248 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of

21  informing the district court of the basis for its motion, and identifying those portions of [the

22  record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

23  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the party

24

25        [2] Plaintiff also brought a claim for maintenance and cure following an alleged injury that
occurred while on the vessel. (Dkt. No. 1 at 3–4.) That claim is not the subject of the instant
26  motions.

1   opposing summary judgment "must do more than simply show that there is some metaphysical

2   doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

3   587 (1986). The nonmoving party must "show[] that the materials cited do not establish the

4   absence . . . of a genuine dispute" or "cit[e] to particular parts of . . . the record" that show there

5   is a genuine dispute. Fed. R. Civ. P. 56(c)(1). When analyzing whether there is a genuine dispute

6   of material fact, the "court must view the evidence 'in the light most favorable to the opposing

7   party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398

8   U.S. 144, 157 (1970)).

9   **B.   Unpaid Wage Claims**

10   Plaintiff asserts that, under both the FLSA and MWA, he is entitled to hourly wages for

11   the time he spent on-call during his scheduled shifts, regardless of whether there were fish for

12   him to process. (Dkt. No. 1 at 4.) At issue is whether he was "engaged to wait," for his

13   employer's benefit, or "wait[ing] to be engaged," for his own benefit. *Owens v. Loc. No. 169,*

14   *Ass'n of W. Pulp and Paper Workers*, 971 F.2d 347, 350 (9th Cir. 1992). Plaintiff argues that the

15   "MWA has been construed consistently with the FLSA" and that, as a result, the Court need not

16   separately address the MWA. (Dkt No. 6 at 3 n.1.) But, as described below, the MWA contains a

17   plainly-applicable exception that FLSA does not. Therefore, the Court will first address

18   Plaintiff's MWA claim.

19   1.   <u>MWA</u>

20   Defendant cross-moves for partial summary judgment, seeking dismissal of Plaintiff's

21   MWA claim based upon the MWA's exclusion from Washington's minimum wage statutes of

22   "any individual whose duties require that he or she reside or sleep at the place of his or her

23   employment." Wash. Rev. Code. § 49.46.010(3)(j). "Whether the [] exclusion applies is a

24   question of worker categorization rather than the compensability of any given hour in a worker's

25   day." *Berrocal v. Fernandez*, 121 P.3d 82, 88 (Wash. 2005). If there exists "no factual

26   disagreement . . . that [Plaintiff] lived and slept at [his] place of employment" then Plaintiff is not

ORDER
C20-1432-JCC
PAGE - 3

1    subject to the MWA. *Id.*

2        Plaintiff does not dispute that he lived and slept on Defendant's vessel. (*See generally*

3    Dkt. No. 16.) Instead, he attempts to distinguish the facts of *Berrocal* from the facts of this case.

4    (*Id.* at 5–6.) But this argument is unavailing. The MWA's plainly-stated exclusion for workers

5    who "reside or sleep at the place of his or her employment," even narrowly construed, squarely

6    applies to Plaintiff. *See* Wash. Rev. Code. § 49.46.010(3)(j). Therefore, Plaintiff is not subject to

7    the MWA.

8        Accordingly, the Court GRANTS Defendants' cross-motion for partial summary

9    judgment on Plaintiff's MWA claim.

10                2.   FLSA

11       The FLSA requires employers to pay certain employees a minimum wage for each hour

12   worked, including overtime pay. *See* 29 U.S.C. §§ 206, 207, 213. Whether time spent on-call is

13   "predominately for the employer's benefit" and therefore subject to the FLSA's minimum wage

14   requirement is "dependent upon all the circumstances of the case." *Brigham v. Eugene Water &*

15   *Elec. Bd.*, 357 F.3d 931, 936 (9th Cir. 2004) (citing *Armour & Co. v. Wantock*, 323 U.S. 126,

16   132 (1944)). Determining whether time on-call is predominantly for an employer's benefit

17   requires a fact-intensive inquiry into the nature of the agreement between the parties and the

18   degree of freedom the employee has to engage in personal activities while not working. *Id.*

19       To prevail on a motion for summary judgment on his FLSA claim, Plaintiff must

20   demonstrate a lack of material disputed facts or provide sufficient unrebutted evidence for a

21   reasonable jury to conclude that he is entitled to the payment of a minimum wage while on-call.

22   *Celotex Corp.*, 477 U.S. at 323–24. Plaintiff fails to meet this burden. The only evidence Plaintiff

23   offers is a short declaration regarding his understanding of the terms of the parties' agreement, a

24   brief declaration from counsel regarding industry practices,[3] and one of Defendants' standard

25       ───────────────
         [3] Defendants object to portions of the declaration on the grounds that they contain legal

26   conclusions, unsubstantiated allegations, and hearsay. (Dkt. No 9 at 8–9.) Because Defendants

ORDER
C20-1432-JCC
PAGE - 4

1 employment agreements. (Dkt. Nos. 6-1, 6-2, 6-3.) By contrast, Defendants submit significant

2 evidence regarding the nature of their agreement with Plaintiff, evidence of industry practices

3 supporting their position, deposition testimony from Plaintiff seemingly at odds with his

4 declaration, and the parties' written agreement, which indicates "[t]here is no minimum or

5 guarantee of hours." (Dkt. Nos. 11-1, 11-2, 11-3, 11-4, 11-5, 11-7, 11-8 at 5–6, 11-9.) Because

6 resolution of Plaintiff's FLSA claim depends on genuinely disputed issues of material fact, the

7 Court DENIES Plaintiff's motion for summary judgment on his FLSA claim.

8 **III.     CONCLUSION**

9       For the foregoing reasons, the Court DENIES Plaintiff's motion for partial summary

10 judgment (Dkt. No. 6) and GRANTS Defendants' cross-motion (Dkt. No. 9).

11

12       DATED this 19th day of January 2021.

13

14

15                     _____

16                     John C. Coughenour
                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26 put forth sufficient evidence to demonstrate a disputed material fact, regardless of the import of counsel's declaration, the Court need not rule on this objection now.

ORDER
C20-1432-JCC
PAGE - 5